■ In the Matter of the Claim of ELAINE KOHUT, Appellant. COMMISSIONER OF LABOR, Respondent. [788 NYS2d 868]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 2004, which ruled that claimant was ineligible to receive extended unemployment insurance benefits under the temporary extended unemployment compensation program.

Claimant was employed by IBM Corporation as a processor operator and inspector from December 1, 1981 through October 31, 2002. In this capacity, claimant assisted in the manufacture of circuit boards and chips for computers, which were sold to companies engaged in a variety of businesses. On October 31, 2002, IBM sold the division that employed claimant to Endicott Interconnect Technologies (hereinafter EIT), and claimant began working for EIT on November 1, 2002; her duties and compensation remained the same. On November 15, 2002, claimant was laid off from EIT.

Claimant filed an application for additional unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers after her original claim for benefits was exhausted (*see* Pub L 108-11, 117 US Stat 607). Claimant's application was denied upon the ground that she lost her base period employment due to IBM's sale of her division and EIT's subsequent reorganization and, as such, did not qualify for benefits under the statute. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by claimant.

The Temporary Extended Unemployment Compensation Act of 2002 provides, in relevant part, that certain employees whose base period employment relates to the provision of services to the airline industry may qualify for additional unemployment insurance benefits (*see* Pub L 108-11, 117 US Stat 607). To qualify under the statute, the claimant's base period employment must end due in part to (1) a reduction in service by an air carrier as a result of the September 11, 2001 terrorist attacks or the resulting security measures, (2) a closure of an airport, or (3) due to the military conflict in Iraq (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]). Although claimant testified that an undetermined percentage of her work was supplied to various airlines, she failed to establish that her layoff was attributable to any of the foregoing events. To the contrary, EIT's director of human resources, who previously was employed by IBM, testified that claimant's separation from her employment at IBM was the result of a strategic business decision to sell her particular division and that claimant subsequently was laid off from EIT because the company was restructuring its business in order to become more competitive. Inasmuch as the record establishes that claimant did not lose her base period employment due to any of the qualifying conditions, the Board's decision that claimant did not qualify for benefits under the temporary extended unemployment compensation program is supported by substantial evidence. Claimant's remaining

contentions have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.