■ In the Matter of the Claim of ROSEMARY ALMEDA, Appellant. COMMISSIONER OF LABOR, Respondent. [793 NYS2d 297]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 31, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant worked as an advisory programmer analyst for IBM Corporation in the department responsible for assessing the sales and distribution of the company's products and services. Claimant's clients included several airlines that used IBM software to conduct their business. After claimant was laid off in June 2002, she exhausted her claim for regular unemployment insurance benefits and filed a claim for additional benefits under the Temporary Extended Unemployment Compensation Act of 2002 for displaced airline-related workers (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 559, 607), which was denied. Following a hearing, the Administrative Law Judge reversed, finding that claimant's employer was a supplier for an airline and that she had been laid off due to an economic downturn following September 11, 2001. The Unemployment Insurance Appeal Board then reversed, prompting this appeal by claimant.

We affirm. In order to qualify for unemployment insurance benefits under TEUC-A, claimant was required to show, among other things, that her separation from employment occurred due to a reduction in service by an air carrier as a result of the September 11, 2001 terrorist attacks or the resulting security

measures, the closure of a domestic airport or due to the military conflict with Iraq (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]). Claimant testified that she was terminated because spending within the information technology industry decreased following the terrorist attacks of September 11, 2001 and during the war in Iraq, which had "an indirect effect" upon her employment. In her Department of Labor questionnaire, she similarly claimed that these events hindered investment in the computers and services that IBM provided and led to widespread resource action that resulted in her termination. In light of the foregoing, we agree with the Board's finding that claimant was laid off as the result of general economic conditions rather than any of the qualifying events (*see Matter of Kohut [Commissioner of Labor]*, 15 AD3d 742 [2005]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.