■ In the Matter of Lynn Miceli, Appellant. Commissioner of Labor, Respondent. [793 NYS2d 296]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant was employed by IBM Corporation as a software engineer from April 28, 1999 to June 21, 2002. As part of her job duties, claimant provided technical support to companies, including some airlines, that used an IBM software program to perform various high-volume transactions. After she was laid off, claimant exhausted her original claim for unemployment insurance benefits and filed an application for additional unemployment insurance benefits under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 607), which was denied. Following a hearing, the Administrative Law Judge reversed, finding that claimant's base period of employment was with a supplier of contract services for the airlines and that she had been terminated due to their loss of business after September 11, 2001. The Unemployment Insurance Appeal Board thereafter reversed and reinstated the Commissioner of Labor's determination. This appeal by claimant ensued.

A claimant is eligible to receive extended unemployment insurance benefits under TEUC-A if his or her base period of employment was airline related *and* ended because of (1) a reduction in service by an air carrier due to the September 11, 2001 terrorist attacks or the resulting security measures, (2) the closure of a domestic airport, or (3) the military conflict with Iraq (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]). Assuming, without deciding, that claimant's base period of employment indeed was airline related, we are unpersuaded that her layoff was attributable to any of the qualifying events. Claimant testified that her employer never told her the reason for her termination and she "had no clue" why she was being let go, and the employer indicated on its TEUC-A questionnaire that claimant was laid off due to lack of work. Although claimant now points to certain documents suggesting that the terrorist attacks and the war in Iraq affected IBM's business in general, these documents are outside of the administrative record and, in any event, do not support claimant's conclusory assertion that her separation was due to a reduction in airline services caused by these events. Accordingly, we find no basis to disturb the Board's decision (*see Matter of Kohut [Commissioner of Labor]*, 15 AD3d 742 [2005]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.