■ In the Matter of the Claim of JOLEEN JENKINS, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 639]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 9, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant worked as a customer service representative for NCO Financial Systems, Inc., a collection agency which provided collection processing services to air freight carriers, including Airborne Express. In February 2003, claimant was discharged after NCO decided to close the office in which she worked. After exhausting her claim for regular and emergency unemployment insurance benefits, claimant filed an application for additional unemployment insurance benefits under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 607). Following a hearing, the Administrative Law Judge granted claimant's application, finding that she met the required eligibility criteria under TEUC-A. The Unemployment Insurance Appeal Board then reversed, and claimant now appeals.

We affirm. TEUC-A authorizes a claimant to receive extended unemployment insurance benefits if his or her base period of employment was airline related and ended because of (1) a reduction in service by an air carrier due to terrorist action or security measures, (2) the closure of a domestic airport, or (3) the military conflict with Iraq (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]). Based on our review of the record, we agree with the Board that claimant's separation was not owed to any of these qualifying events. Claimant testified that she was let go after NCO decided to close the Long Island office where she worked. Beatrice Shannon, claimant's former office manager, opined that the closing was "a political move" motivated by NCO's desire to have the Maryland office handle Airborne's accounts. In addition, Shannon surmised that the closing was a response to claimant's announcement two weeks earlier that she was pregnant. Although claimant contends that she was discharged due to Airborne's loss of business following September 11, 2001, in denying her application, the Board was entitled to rely on evidence showing that NCO continued to do business with Airborne after that date through other NCO offices. Accordingly, the Board's determination has a rational basis in the record and is supported by substantial evidence (*see Matter of Kohut [Commissioner of Labor]*, 15 AD3d 742 [2005]).

Claimant's remaining contention in support of her eligibility under TEUC-A is rendered academic by the foregoing conclusion.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.