In the Matter of the Claim of EDIN DZINOVIC, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 321]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant was employed by a nonprofit organization which provides assistance to refugees resettling in the United States and other countries. He performed his duties in the employer's Manhattan office and at John F. Kennedy International Airport.

Due to a decrease in refugees entering the United States after changes in federal immigration policies following the September 11, 2001 terrorist attacks, the employer laid claimant off. After exhausting his basic unemployment insurance benefits, claimant filed a claim for extended benefits under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A), which provides extended benefits to eligible airline-related workers (*see* Pub L 108-11, 117 US Stat 559, 607). The Unemployment Insurance Appeal Board ultimately denied claimant's application, prompting this appeal.

To qualify for extended benefits under TEUC-A, a claimant must establish that he or she experienced a qualifying separation from "qualifying employment" (Pub L 108-11, 117 US Stat at 607, § 4002 [a] [2]). A qualifying separation means the claimant must have lost his or her employment due to reductions in service by an air carrier as a result of the September 11th terrorist attacks or related security measures, closure of an airport as a result of the terrorist attacks or responsive security measures, or the military conflict in Iraq (*see* Pub L 108-11, 117 US Stat at 607, § 4002 [a] [2] [B]). Claimant did not lose his job due to any air carrier's reduction in service, the airport did not close and the reduction in refugee traffic is not directly related to the military conflict in Iraq. Thus, claimant was not eligible for TEUC-A benefits because he did not experience a qualifying separation from employment (*see Matter of Almeda [Commissioner of Labor]*, 17 AD3d 897, 897-898 [2005]; *Guma v Globe Sec. Screeners*, 2004 WL 1965851, 2004 Minn App LEXIS 1019 [Sept. 7, 2004]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.