■ In the Matter of the Claim of ANGELA WILMERS, Appellant. COMMISSIONER OF LABOR, Respondent. [805 NYS2d 491]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 2004, which ruled that claimant was ineligible to receive extended unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

In March 1999, claimant was hired by the employer, a travel agency, to run its accounting department. She was laid off in April 2003 after the employer became affiliated with a larger travel agency and eliminated her position. Claimant applied for and received 26 weeks of regular unemployment insurance benefits and 13 weeks of extended benefits. She subsequently applied for further benefits available to displaced workers in airline-related industries under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; see Pub L 108-11, 117 US Stat 607), representing on her application that the loss of her job was due, among other things, to a reduction in airline services resulting from the September 11, 2001 terrorist attacks. The employer disputed claimant's representations and the Department of Labor found her ineligible to receive benefits. Following a hearing, an Administrative Law Judge agreed and the Unemployment Insurance Appeal Board ultimately upheld this decision. Claimant now appeals.

A claimant engaged in airline-related employment is eligible for benefits under TEUC-A if such employment ended "because of (1) a reduction in service by an air carrier due to the September 11, 2001 terrorist attacks or the resulting security measures, (2) the closure of a domestic airport, or (3) the military conflict with Iraq" (*Matter of Miceli [Commissioner of Labor]*, 17 AD3d 899, 900 [2005]; *see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]; *Matter of Almeda [Commissioner of Labor]*, 17 AD3d 897, 897-898 [2005]). Here, when the employer became affiliated with a larger travel agency, its accounting functions were taken over by that agency, eliminating the need for claimant's position. Thus, claimant's layoff was not related to the terrorist attacks of September 11, 2001, airport closures or the war in Iraq. Although claimant stated that the employer did not give a reason for her layoff, she maintained that it was due to a drop in business following the September 11, 2001 terrorist attacks. No evidence substantiates claimant's representa-

tions, and substantial evidence supports the Board's finding that claimant was not eligible for benefits under TEUC-A (*see Matter of Jenkins [Commissioner of Labor]*, 19 AD3d 977 [2005]; *Matter of Kohut [Commissioner of Labor]*, 15 AD3d 742 [2005]). We have considered claimant's remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.